

**Main Office**
1361 North Railroad Avenue, Staten Island, NY 10306

**Phone:** (718) 384-2323 ▫ **Fax:** (718) 384-2555 ▫ **E-Mail:** natraj@turturrolawpc.com ▫ www.turturrolawpc.com

Matthew J. Turturro, Esq. (Managing Partner)
*Natraj S. Bhushan, Esq. (Partner)
Paulina Bellantonio, Esq. (Associate)
Anthony A. Nozzolillo, Esq. (Of Counsel)
*Admitted in NY and NJ

**June 29, 2023**

*Via ECF*

Hon. Kenneth M. Karas, USDJ
300 Quarropas Street, Chambers 533
White Plains, NY 10601-4150

        **Re:**        The ProImmune Company, LLC et al. v. Laura Lile, M.D. et al.
        **Docket No.:**  7:22-cv-08229-KMK
        **Subject:**   Response to Application to Re-Open

Dear Judge Karas,

     The undersigned is counsel for Dr. Lile and Three Aminos, LLC.  I write in response to plaintiff The ProImmune Company, LLC's application to re-open ("Application"). For the reasons set forth below, the Application should be denied.

     *First*, as ProImmune correctly notes, in connection with Three Aminos bankruptcy filing, all matters concerning Three Aminos are automatically stayed pursuant to § 362(a)(1) of the Bankruptcy Code.  Specifically, Three Aminos filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on June 21, 2023 in the United States Bankruptcy Court for the Middle District of Tennessee.  That filing of the bankruptcy petition "operates as a stay, applicable to all entities, of . . . the commencement or continuation . . . of a judicial . . . action . . . against the debtor that was or could have been commenced before the commencement of the case under the [Bankruptcy Code] . . ." 11 U.S.C. 362(a)(1).  *The Plaintiff's currrent Application is clearly the continuation of a judicial action against Three Aminos in violation of the automatic stay; and, since the Application was filed in violation of the automatic stay, the Application is void and without effect.  See In re Columbus Broadway Marble Corp.*, 84 B.R. 322, 324-26 (Bankr. E.D.N.Y. 1988).

     *Second,* Plaintiffs Application attempts to circumvent the automatic stay by suggesting they can proceed in this action against Three Aminos' managing member and individually named party, Dr. Laura Lile.  That is the continuation of this judicial action, which is an action against the debtor.  As such, *proceeding in this action against Dr. Lile is a violation of the automatic*

1

stay. *11 U.S.C. 362(a)(1).* Additionally, for the reasons set forth below, the automatic stay extends to Dr. Lile as well as Three Aminos as ProImmune's claims against Dr. Lile will have an immediate adverse economic consequence for Three Aminos' estate. Under these circumstances, the Second Circuit Court of Appeals has held that the automatic stay extends to the non-debtor (in this case, Dr. Lile). *See*, *Queenie, Ltd. v. Nygard Int'l,* 321 F.3d 282, 287 (2d Cir. 2003).

*Third*, it should be noted that even where the automatic stay does not apply, a court may "still invoke its discretionary authority to stay the proceedings against [non-bankrupt codefendants]..." *Lightbody v. Girlie's Ambulette Serv. Inc.*, No. 09 Civ. 5493 (ILG), 2010 U.S. Dist. LEXIS 88862, 2010 WL 3417844, at *2 (E.D.N.Y. Aug. 27, 2010) (*quoting WorldCrisa Corp. v. Armstrong,* 129 F.3d 71, 76 (2d Cir. 1997)); *MBE Capital Partners, LLC v. AVPOL Int'l LLC*, 2019 U.S. Dist. LEXIS 21891, at *8 (S.D.N.Y. Feb. 11, 2019)

*Lastly,* no further proceedings can occur in this action unless and until the Bankruptcy Court grants relief from the automatic stay under 11 U.S.C. 362(d). The Bankruptcy Court is the exclusive authority to grant relief from the automatic stay that would be necessary for Plaintiffs to file the Application or for this action to otherwise proceed. *Cathey v. John-Manville Sales Corp.*, 711 F.2d 60, 62 (6th Cir. 1983); *see also In re Frigitemp Corp.*, 8 B.R. 284, 289 (S.D.N.Y. 1981) (stating the purpose of the automatic stay to give debtors the "opportunity to take stock and formulate plans for repayment and reorganization with protection from a chaotic and uncontrolled scramble for the debtor's assets in a variety of uncoordinated proceedings in different courts" and that, accordingly, the decision whether or not to lift the stay if left to the discretion of the bankruptcy court).

In short, based on the allegations and claims/counterclaims in this action, it is the Defendants' position that until any stay is lifted from the bankruptcy court in Tennessee, any and all litigation of the alleged claims (including those asserted against Dr. Lile) and counterclaims in this action are automatically stayed under 11 U.S.C. 362(a)(1) and *Queenie, Ltd.*. Alternatively, as the claims/counterclaims involving Dr. Lile encompass matters that are at the core of the jurisdiction of the bankruptcy courts and depend upon the application or construction of bankruptcy law as expressed in the Bankruptcy Code, they, too, should be stayed by this court. To allow otherwise could pose "a serious threat to the debtors' reorganization efforts" which further buttress the need to extend the stay to non-debtor. *See, Gray v. Hirsch*, 230 B.R. 239, 243 (S.D.N.Y. 1999); *see also, Desouza v. Plusfunds Grp., Inc.*, 2006 U.S. Dist. LEXIS 53392 (S.D.N.Y. Aug. 1, 2006) at *2 (noting that the automatic stay may be extended where the non-debtor is a "principal player" in the debtor's reorganization process)

For these reasons, the Court should deny the motion.

Respectfully submitted,
**TURTURRO LAW, P.C.**
/s/Natraj S. Bhushan
Natraj S. Bhushan, Esq.

To: (ECF):
ryan@bnsklaw.com and kete@bnsklaw.com