UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE PROIMMUNE COMPANY, LLC, derivatively on behalf of INNATE FFAAP MEDICINE LLC and STRESS WATCHERS OXIDATIVE STRESS TEST METHOD LLC, and INNATE FFAAP MEDICINE LLC, derivatively on behalf of PROTHIONE LLC and LIPINOL LLC,<br><br>                 Plaintiffs,<br><br>                 v.<br><br>LAURA LILE, M.D., and THREE AMINOS, LLC,<br><br>               Defendants,<br>               Counterclaimants, and<br>               Third-Party Plaintiffs,<br><br>               v.<br><br>ALBERT CRUM, M.D.,<br><br>             Third-Party Defendant. | Case No. 7:22-cv-08229 (KMK)<br><br><br><br><br><br><br><br><br><br>**DECLARATION<br>OF ATTORNEY** |

       I, Natraj S. Bhushan, a lawyer duly admitted to practice before this Court declare as follows:

       1.       I am a partner at Turturro Law, P.C., attorneys for the defendant, counterclaimant and third-party plaintiff Laura Lile, M.D. (herein "Dr. Lile") and, as such, I am fully familiar with the facts of this case. I submit this Declaration in support of Dr. Lile's motion to extend the automatic bankruptcy stay of Three Aminos, LLC to herself ("Motion") and for such other just and equitable relief that this Court deems fair.

## STATEMENT OF FACTS

       2.       Dr. Lile is the sole member of Three Aminos, LLC.

       3.       As the court is aware and, as both a matter of law and stipulation between the parties filed in the in the United States Bankruptcy Court for the Middle District of Tennessee,

all claims/counterclaims involving Three Aminos in this case were stayed pursuant to § 362(a)(1) of the Bankruptcy Code.

4. Significantly, the bankruptcy stay at issue "is applicable to all entities, of . . . the commencement or continuation . . . of a judicial . . . action . . . against the debtor that was or could have been commenced before the commencement of the case under the [Bankruptcy Code] . . ." 11 U.S.C. 362(a)(1).

5. At present, ProImmune solely desires to proceed with its claims against Dr. Lile; however, these claims (and the counterclaims brought by Dr. Lile) are so factually intertwined with Three Aminos, and therefore, the stay should be extended to Dr. Lile.

## ARGUMENT

***POINT I: This Court has the authority to extend the automatic stay and should exercise it as to Dr. Lile***

6. *Preliminarily,* while this case is still in its infancy (as the parties have not conducted any discovery and, as reflected on this court's docket there are two other related cases with pending motions to amend and dismiss which still have to be fully briefed and decided), now would be the appropriate time for this Court, in the first instance, to extend the automatic stay to Dr. Lile, or issue a stay anew – a power that this Court inherently has.

7. Indeed, the "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co*., 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936).

8. As the claims in this litigation as against Dr. Lile are so factually intertwined and may have an immediate adverse economic consequence for the debtor's estate (in this case,

Three Aminos), under these circumstances, the Second Circuit has held that the stay can (and should) extend to the non-debtor (in this case, Dr. Lile). *See*, *Queenie, Ltd. v. Nygard Int'l,* 321 F.3d 282, 287 (2d Cir. 2003). Alternatively, this court should "invoke its discretionary authority to stay the proceedings against [non-bankrupt codefendants]..." *Lightbody v. Girlie's Ambulette Serv. Inc.,* No. 09 Civ. 5493 (ILG), 2010 U.S. Dist. LEXIS 88862, 2010 WL 3417844, at *2 (E.D.N.Y. Aug. 27, 2010) (*quoting WorldCrisa Corp. v. Armstrong,* 129 F.3d 71, 76 (2d Cir. 1997)); MBE Capital Partners, LLC v. AVPOL Int'l LLC, 2019 U.S. Dist. LEXIS 21891, at *8 (S.D.N.Y. Feb. 11, 2019).

9. In its Complaint, ProImmune alleges various causes of actions for breach of contracts entered into by and between ProImmuna and Three Aminos for which Dr. Lile was purportedly bound by. *See, e.g.* Complaint at ¶92; also ¶¶5-7:

> "Dr. Lile and Three Aminos contracted to provide the millions of dollars in financing necessary to develop the products through FDA approval (among other things), and ProImmune contributed the underlying intellectual property rights and technical know-how.
>
> However, not long after signing these agreements, Dr. Lile and Three Aminos began to default on their obligations. Within the first year of signing these agreements, Dr. Lile and Three Aminos failed to adequately contribute to the joint ventures—either by failing to provide the funding and contributions necessary to achieve the agreed upon milestones for FDA approval and marketing; or, in the case of the formulation for high cholesterol and the health care device, by failing to make essentially any of their contractually obligated contributions.
> ….
>
> These acts were in violation of Three Aminos and Dr. Lile's contractual obligation to jointly manage the joint ventures…"

10. And to the extent ProImmune brings claims solely against Dr. Lile for alleged breaches of fiduciary duties in her role as an officer of Three Aminos, all such claims are really extensions of contracts and joint ventures entered into between Three Aminos and ProImmune and, therefore encompass matters that are at the core of the jurisdiction of the bankruptcy court in Tennessee, may turn upon the application or construction of bankruptcy law as expressed in the Bankruptcy Code, and will necessarily involve property of the Bankruptcy Estate -e.g., what happens to the patents procured by the joint venture between Three Aminos & ProImmune, what are the rights and responsibilities of the debtor under the contracts at issue.

11. Moreover, were the breach of contract claims to proceed as against Dr. Lile, at the conclusion of discovery, the trier of fact would necessarily be tasked with having to make findings of fact that implicate the debtor who currently has the benefit of the stay. Indeed, there is no way that one could find the Dr. Lile breached the contracts discussed in the Complaint without also making that finding against Three Aminos.

12. In short, if the purpose of the automatic stay is to give the debtor an opportunity to formulate plans for repayment and reorganization with protection from a chaotic and uncontrolled scramble for the debtor's assets in a variety of uncoordinated proceedings in different courts (three of which are pending before this very Court) and, Dr. Lile is integral to the Three Aminos bankruptcy filings, process and proceedings, to not extend the stay to Dr. Lile could pose "a serious threat to the debtors' reorganization efforts" which further buttress the need to extend the stay to Dr. Lile. *See, e.g. Gray v. Hirsch*, 230 B.R. 239, 243 (S.D.N.Y. 1999); *see also, Desouza v. Plusfunds Grp., Inc.*, 2006 U.S. Dist. LEXIS 53392 (S.D.N.Y. Aug. 1, 2006) at *2 (noting that the automatic stay may be extended where the nondebtor is a "principal player" in the debtor's reorganization process).

## **CONCLUSION**

For these reasons, the Court should grant the Dr. Lile's motion to extend the automatic stay to her as there is no prejudice in this Court awaiting the bankruptcy reorganization of Three Aminos, which Dr. Lile is intimately involved with and well underway before Hon. Charles Walker in the United States Bankruptcy Court for the Middle District of Tennessee. *See generally*, United States Bankruptcy Court for the Middle District of Tennessee docket for Three Aminos, LLC (3:23-bk-02202).

Dated: October 27, 2023
New York, NY

**TURTURRO LAW, P.C.**
By: /s/ Natraj S. Bhushan, Esq.
Natraj S. Bhushan (NB-2793)

1361 N. Railroad Avenue
Staten Island, NY 10306
Tel.: 718-384-2323
Email: natraj@turturrolawpc.com
*Attorneys for Laura Lile, M.D. and Three Aminos, LLC*